Louis R. Chesbrough, Survivor, etc., Appellant, *v.* Job Wright et al., Respondents.

The Same, Appellant, *v.* John Riley, Respondent.

(Argued October 4, 1872; decided January term, 1873.)

These actions were brought upon notes given by defendants, payable to their own order and indorsed in blank. The Atlas Mutual Insurance Company was authorized by its charter (chapter 92, Laws of 1843) to receive notes for premiums in advance, and to negotiate them. In pursuance of a resolution of its board it received subscriptions to the amount of $40,000, for which the subscribers agreed to give notes at four months, in advance of premiums. Subsequently a resolution was passed by the board authorizing a subscription of $400,000, to be binding when $300,000, including the $40,000, was subscribed. By the subscription paper the subscribers agreed to give their notes, in advance of premiums, for the amount subscribed at six and twelve months, the subscription not to be binding until the $300,000 was subscribed. It was stated in the paper that the subscription was toward the $400,000 subscription authorized by the board.

Upon the representation of the president of the company that the $300,000 had been subscribed defendants gave their notes for the amounts subscribed, which are the notes in suit.

In fact, aside from the original subscription, but $262,500 had been subscribed; of this, $37,500 had been subscribed by other insurance companies, without authority, by resolution of their boards of directors. These notes were transferred to plaintiff in part payment of a loss insured against by the company. *Held*, that the subscription paper required a subscription of $300,000 under it, and not including the $40,000; that it required valid subscriptions, not those unauthorized and illegal. That there was, therefore, but $225,000 subscribed; and the condition precedent not having been complied with, defendants were not bound by their subscriptions. And having given their notes, in ignorance of the facts, and relying on the statement of the president, the notes were

without consideration and void in the hands of the company and of plaintiffs, who were not *bona fide* holders for value.

*Winchester Britton* for the appellant.

*Erastus Cooke* for the respondents.

Lott, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.